UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| CHRISTOPHER STEWART WILSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 22-43-WOB |
| | ) | |
| v. | ) | |
| | ) | |
| J. GILLEY, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Christopher Wilson has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [R. 1]  The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court evaluates Wilson's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

In August 2008 Wilson was sentenced in Texas to 15 months imprisonment for transportation of an unlawful alien.  Wilson completed service of that custodial term on March 31, 2009, and began a term of supervised release.  While still on supervised release, in 2010 Wilson was caught at the Mexico border with 11 pounds of marijuana in the trunk of his car.  In March

1

2010, his supervised release was revoked and he was sentenced to 4 months imprisonment to be followed by 32 months of supervised release. *United States v. Wilson*, No. 2: 08-CR-267-1 (S.D. Tex. 2008).

In December 2010, jurisdiction over Wilson's supervised release was transferred to North Carolina. In November 2011, Wilson was charged in the state courts of North Carolina with four counts of robbery with a dangerous weapon and numerous other crimes. A motion seeking revocation of his federal supervised release was filed because he had engaged in new criminal conduct. *See United States v. Wilson*, No. 5: 10-CR-395 (E.D.N.C. 2010).

These and related crimes also resulted in a 15-count federal indictment being filed in October 2012 charging Wilson with numerous counts of Hobbs Act robbery, bank robbery, and possession of a firearm in furtherance of a crime of violence. Wilson reached a plea agreement with the government regarding these charges. Wilson later moved to withdraw his guilty plea during an initial plea hearing, but in subsequent proceedings several months later he chose to proceed with the guilty plea. On May 15, 2014, a sentencing hearing was held for both the criminal case and the parole supervision proceeding before the same judge. The judge first revoked Wilson's supervised release and ordered him to serve 20 months imprisonment for violating his supervised release. That judgment made no statement regarding concurrency with the as-yet unimposed sentence in the criminal case. The judge next sentenced Wilson to a combined 293 months imprisonment on the criminal charges. At the conclusion of the sentencing hearing and in the written judgment, the judge stated that "this sentence shall run consecutive to the Revocation sentence in case number 5:10-CR-395-1BO." *See United States v. Wilson*, No. 5: 12-CR-353 (E.D.N.C. 2012).

Wilson did not appeal his 20-month revocation sentence, but did appeal his new criminal convictions.  In December 2015, the Fourth Circuit concluded that the trial judge had improperly participated in the plea process, reversed Wilson's convictions, and remanded the case for further proceedings before a different judge.  In December 2016, Wilson reached a new plea agreement with the government.   In March 2017 Wilson was sentenced to a combined 210 months imprisonment.  The new trial judge made no mention of the revocation judgment, either during the sentencing hearing or in the written judgment.  Wilson appealed, but in June 2017 the Fourth Circuit granted his subsequent motion to voluntarily dismiss the appeal.

In August 2018, Wilson sent a letter to the trial court asserting that the Bureau of Prisons had "added" 20 months to his criminal sentence.  Specifically, Wilson stated that:

> The Officials here explained that you were silent in regards to my supervised release violation and as a result they opt to run my two sentences consecutive.  So now my term of imprisonment is 230 months instead of the 210 months which was your order.

> Even though I explained to the BOP that you had my entire record in front of you and you addressed the issue pertaining to the violation.  You consolidated all of my offenses and 210 months of imprisonment is the sentence that you imposed.  BOP still maintains that you were silent as to your intentions (which I don't understand how) and increased my sentence to 230 months which wasn't your order.

Wilson asked the trial judge to "modify my sentence and order the sentence to run concurrently to my supervised release revocation in cause number 5:10-CR-395-lBO."  The government opposed the motion, responding that: (1) Wilson's plea agreement provided that he "waive[d] all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255 ..."; (2) the trial court lacked the authority to modify the judgment under Rules 35 and 36 of the Federal Rules of Criminal Procedure; and (3) Section 7B1.3 of the Sentencing Guidelines expressly requires revocation sentences to be run consecutively to any other sentence,

regardless of when imposed or whether related to the conduct giving rise to the violation.  The trial court agreed with the government's arguments, stating in its Order that:

> When this court sentenced Wilson, the court did not address his already-imposed and valid 20-month revocation sentence, let alone order that it run concurrently to the 210-month sentence for the new criminal conduct.  Thus, the 20-month revocation sentence runs consecutively to Wilson's 210-month sentence.

The trial court denied Wilson's motion on July 3, 2019.

In his habeas corpus petition, Wilson essentially repeats the core argument he made to the trial judge in his 2018 letter.  Namely, that his "supervised release violation is part of my record" and that the 210-month sentence imposed in March 2017 was based upon "my entire record." Therefore, Wilson believes, his 210-month sentence encompassed both his criminal charges and the revocation sentence.  [R. 1 at 5]   The record establishes that Wilson's belief is incorrect, and the Court must therefore deny his petition.

At the outset, Wilson appears to assert two different and inconsistent theories of relief.  On the one hand, he implies that the written judgment in his criminal case did not effect the trial court's intent, and asks this Court to alter the 210-month sentence imposed to have it run concurrently with the separate 20-month revocation sentence.  *See* [R. 1 at 8]  On the other hand, Wilson suggests that the BOP is not properly executing the criminal judgment according to its express terms.  *See Id*. at 4.  Regardless of how construed, the Court must deny relief.

First, this Court's habeas jurisdiction under § 2241 does not extend so far as to give it freestanding authorization to alter a criminal judgment entered by another court to effectuate the intent ascribed to the sentencing court by the petitioner.  *Cf. Powers v. Stancil*, 794 F. App'x 736, 740 (10th Cir. 2019) (rejecting argument that new sentence, silent regarding concurrency, should be interpreted as concurrent to all other undischarged sentences because "Powers cannot raise a claim he would have received a more favorable sentence in an application under § 2241.").  And

4

as noted by the trial court, Wilson expressly waived his right to challenge the sentence imposed in collateral review proceedings, save upon grounds not implicated here.  *See* Case No. 5: 12-CR-353, [R. 279 therein at ¶2(c)].  Such waivers are enforceable and apply to proceedings under § 2241.  *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir.) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable.").

Procedural hurdles aside, Wilson's assertion that the judgment did not effect the sentencing court's intent is substantively wrong.  The 20-month sentence imposed by Judge Terrance Boyle for Wilson's violation of the terms of his supervised release was entered in Case No. 5: 10-CR-395 on May 15, 2014.  Because Wilson did not appeal that judgment, it became final fourteen days later.  The 210-month sentence imposed  for Wilson's participation in a string a robberies was entered in a different proceeding (Case No. 5: 12-CR-353) on a different date (March 8, 2017) by a different judge (Hon. James Dever, III).  Because Judge Dever was not the judge presiding over Wilson's revocation proceeding, and because that matter had been closed for three years, he had no jurisdiction to impose sentence with respect to Wilson's supervised release violations.  The record – including the transcript of the sentencing hearing, the written judgment, and Judge Dever's statement in July 2019 that "the court did not address his already-imposed and valid 20-month revocation sentence, let alone order that it run concurrently to the 210-month sentence for the new criminal conduct" – makes plain that the 210-month sentence imposed in 2017 related only to Wilson's criminal convictions for the armed robberies.

Finally, running Wilson's revocation sentence concurrently with his new criminal sentence as Wilson now suggests would countermand clear direction from the Sentencing Guidelines. *See* Application Note 4 to U.S.S.G. § 7B1.3 ("...it is the Commission's recommendation that any

sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation.").

The Bureau of Prisons is therefore properly implementing Wilson's two sentences. When Wilson was resentenced in March 2017 in his criminal case, he was already subject to the 20-month sentence imposed for violating the terms of his supervised release. The criminal judgment made no mention of this extant revocation sentence or indicated whether his 210-month criminal sentence should be served consecutively to or concurrently with it. Federal law clearly provides that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Thus where, as here, "a federal sentence fails to specify whether it is concurrent or consecutive to other sentences of imprisonment, the statutory default normally requires that terms of imprisonment imposed at different times run consecutively." *Dotson v. Kizziah*, 966 F.3d 443, 445 (6th Cir. 2020). Wilson's 20-month revocation sentence therefore runs consecutively to his 210-month bank robbery sentence for a cumulative 230-month sentence. *Cf. United States v. Eccleston*, 521 F.3d 1249, 1253-54 (10th Cir. 2008) ("Because Mr. Eccleston's federal sentence does not 'affirmatively order' concurrent service of his federal and state sentences, it has not been executed unlawfully.").

Accordingly, it is **ORDERED** as follows:

1.      Wilson's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2.      This action is **STRICKEN** from the Court's docket.

Entered:  July 5, 2022.



**Signed By:**

*William O. Bertelsman*

**United States District Judge**